UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| ALEXANDER STROSS, | : |
| Plaintiff, | : |
| v. | : Civil Action No.: |
| PICTURE TILES, LLC, JOHN HILLCREST, and DAYNA HILLCREST, | : COMPLAINT AND JURY DEMAND |
| Defendants. | : |

COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, ALEXANDER STROSS ("Stross" or "Plaintiff"), brings this complaint in the United States District Court for the District of Minnesota against PICTURE TILES, LLC ("Picture Tiles"), JOHN HILLCREST ("John"), and DAYNA HILLCREST ("Dayna") (Together "Defendants"), alleging as follows:

PARTIES

1. Plaintiff is an experienced landscape and nature photographer. Plaintiff has completed countless hikes into the San Diego landscape to capture his photographs. Plaintiff is a guest judge for the ViewBug online photo competition, a guest mentor at Anne McKinnell's "Photo Forté" community, and a Certified Chaparral Naturalist with the California Chaparral Institute. Plaintiff resides in San Diego, California.

2. On information and belief, Picture Tiles is a Limited Liability Company existing under the laws of the State of Minnesota, with headquarters in Milaca, Minnesota.

3. Picture Tiles owns, operates, and is solely responsible for the content posted to its commercial website, www.picture-tiles.com.

4. Picture Tiles manufacturers decorative tiles that contain copies of iconic paintings and photographs.

5. On information and belief, John is an individual and owner of Picture Tiles. John resides in Mille Lacs County, Minnesota.

6. On information and belief, Dayna is an individual and owner of Picture Tiles. Dayna resides in Mille Lacs County, Minnesota.

## JURISDICTION AND VENUE

7. This is a civil action seeking damages for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

8. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

9. This Court has personal jurisdiction over Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b), because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, and Defendants reside in this district.

10. This Court also has personal jurisdiction over Defendants, and venue in this District is proper under 28 U.S.C. § 1400(a).

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

1. Plaintiff captured the photograph, "01342_Zion_2560X1600" ("Copyrighted Photograph") on June 15, 2007 in Zion National Park, Utah. [Exhibit 1].

2. Plaintiff registered Copyrighted Photograph with the United States Copyright Office on December 15, 2008 (Registration No.: VA 0-989-644).

11. On December 31, 2008, Plaintiff posted Copyrighted Photograph to www.strossarts.com/01342_zion_2560x1600 (Last visited May 1, 2021). [Exhibit 2].

12. Beginning on or about June 1, 2010, Defendants copied and posted Copyrighted Photograph to the Defendants' commercial website, www.picture-tiles.com (Last visited May 1, 2021).

13. Defendants posted Copyrighted Photograph to the following URL(s):

  - www.picture-tiles.com.ecrater.com/p/34294220/mountain-photo-ceramic-tile-mural?keywords=405505 (Last visited February 6, 2018). [Exhibit 3].

  - www.picture-tiles.com/catalog/images/th/mountain_photo_ceramic_tile_mural_M010-21272.html (Last visited February 6, 2018). [Exhibit 4].

  - www.picture-tiles.com/catalog/images/th/mountain_photo_ceramic_tile_mural_M010.jpg (Last visited May 1, 2021). [Exhibit 5].

14. Defendants posted Copyrighted Photograph to numerous third-party websites:

  - www.walmart.com/ip/Mountain-Photo-Ceramic-Tile-Mural-Kitchen-Backsplash-Bathroom-Shower-405505-XL6/589259428 (Last visited May 11, 2021). [Exhibit 6].

  - www.walmart.com/ip/Mountain-Photo-Ceramic-Tile-Mural-Kitchen-Backsplash-Bathroom-Shower-405505-M54/923648315 (Last visited May 11, 2021). [Exhibit 7].

  - www.houzz.com/products/mountain-photo-ceramic-tile-mural-kitchen-backsplash-bathroom-shower-405505-s54-prvw-vr~145529054 (Last visited April 19, 2021). [Exhibit 8].

  - www.ebay.co.uk/itm/Mountain-Photo-Ceramic-Tile-Mural-Kitchen-Backsplash-Bathroom-Shower-405505/264955 (Last visited April 19, 2021). [Exhibit 9].

- www.ebay.com/itm/Mountain-Photo-Ceramic-Tile-Mural-Kitchen-Backsplash-Bathroom-Shower-405505/264955 (Last visited April 19, 2021). [Exhibit 10].

- www.ebay.com/str/customtilemuralsbypicturetiles?_bkw=mountain+backsplash&_pgn=2 (Last visited April 19, 2021). [Exhibit 11].

- www.houzz.com/products/query/tile-mountain/p/180?oq=tile mountain (Last visited April 19, 2021). [Exhibit 12].

15. Defendants copied and posted Copyrighted Photograph as a full-page, full-bleed, image in order to sell a series of ceramic tiles depicting Copyrighted Photograph.

16. Defendants offered for sale ceramic tiles depicting Copyrighted Photograph for prices between $120.00 and $1,440.00. [Exhibits 6-12].

17. Defendants copied and posted Copyrighted Photograph without license or permission from Plaintiff.

18. Beginning January 18, 2020, Defendants had first-hand knowledge that there use of Copyrighted Photograph was infringing on the rights of Plaintiff.

19. Despite this explicit notice, Defendants continued use of Copyrighted Photograph by failing to remove the infringing use from third-party commercial websites.

20. As of the date of this filing, Defendants continue to exploit Copyrighted Photograph by failing to remove all uses on third-party commercial website.

21. Defendants continued commercialization of the Copyrighted Photograph has substantially diminished or fully removed the potential market for or value of the Copyrighted Photograph.

22. As of the date of this filing, Defendants have failed to remove the two infringing uses of Copyrighted Photograph from the Wal-Mart website:

- www.walmart.com/ip/Mountain-Photo-Ceramic-Tile-Mural-Kitchen-Backsplash-Bathroom-Shower-405505-XL6/589259428 (Last visited May 11, 2021). [Exhibit 7].

- www.walmart.com/ip/Mountain-Photo-Ceramic-Tile-Mural-Kitchen-Backsplash-Bathroom-Shower-405505-M54/923648315 (Last visited May 11, 2021). [Exhibit 8].

COUNT I: INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. § 101 ET SEQ.

23. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

24. Plaintiff is, and at all relevant times has been, the copyright owner or licensee of exclusive rights under United States copyright with respect to Copyrighted Photograph, which is the subject of a valid and complete Certificate of Copyright Registration by the Register of Copyrights.

25. Plaintiff is informed and believes Defendants, jointly or severally, without the permission or consent of Plaintiff, copied and used Copyrighted Photograph on Defendants' commercial website, www.picture-tiles.com, as well as numerous third-party commercial websites.

26. In doing so, Defendants violated Plaintiff's exclusive rights of reproduction and distribution. Defendants' actions constitute infringement of Plaintiff's copyright and exclusive rights under copyright.

27. Plaintiff is informed and believes that the foregoing act of infringement was willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

28. As a result of Defendants' infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to statutory damages, including any profits realized by Defendants attributable to the infringement, pursuant to 17 U.S.C. § 504 for Defendants' infringement of Copyrighted Photograph.

COUNT II: INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. § 101 ET SEQ.

29. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

30. Upon information and belief, John and Dayna are the dominant influences in Picture Tiles, and determined and/or directed the policies that led to the infringements complained of herein.

31. John and Dayna are jointly and severally liable for direct copyright infringement.

32. As a result of John and Dayna's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to statutory damages, including any profits realized by Defendants attributable to the infringement, pursuant to 17 U.S.C. § 504 for Defendants' infringement of Copyrighted Photograph.

COUNT III: INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. § 101 ET SEQ.

33. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

34. Upon further information and belief, John and Dayna maintained the right and ability to control the infringing activities of Picture Tiles, and had a direct financial interest in those activities by virtue of their ownership in the company and the profits derived from the direct sale of Picture Tiles' products and services.

35. Accordingly, John and Dayna are vicariously liable for copyright infringement.

36. As a result of Defendants' infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to statutory damages, including any profits realized by Defendants attributable to the infringement, pursuant to 17 U.S.C. § 504 for Defendants' infringement of Copyrighted Photograph.

## COUNT IV: CONTRIBUTORY INFRINGEMENT

37. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

38. Plaintiff is informed and believes that Defendants, jointly and severally, without the permission or consent of Plaintiff, knowingly made available Copyrighted Photograph to third-party commercial websites by copying products depicting Copyrighted Photograph to such websites and offering said products for sale.

39. Plaintiff is informed and believes that Defendants, without the permission or consent of Plaintiff, had knowledge or reason to know of such contributory infringement.

40. As a result of Defendants' actions, Plaintiff is entitled to actual damages or such other and further relief as is just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Declaring that Defendants' unauthorized conduct violates Plaintiff's rights under the Federal Copyright Act;

B. Immediately and permanently enjoining Defendants, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing Plaintiff's Copyrighted Photograph without consent or otherwise infringing Plaintiff's copyright or other rights in any manner;

C. Ordering Defendants to account to Plaintiff for all gains, profits, and advantages derived by Defendants by their infringement of Plaintiff's copyright or such damages as are proper, and

since Defendants intentionally infringed Plaintiff's copyright, for the maximum allowable statutory damages for each violation;

D.  Awarding Plaintiff actual and/or statutory damages for Defendants' copyright infringement in an amount to be determined at trial;

E.  Awarding Plaintiff his costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505, 17 U.S.C. § 1203(b)(3), and § 1203(b)(5); and

F.  Awarding Plaintiff such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

Dated: August 23, 2021

OF COUNSEL:
David C. Deal (VA Bar No.: 86005)
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, VA 22932
434-233-2727, Telephone
david@daviddeal.com

_/s/__Douglas C. Mezera_____
Douglas C. Mezera (MN Bar No. 391358)
Bartz & Bartz, PA
5275 Edina Indust. Blvd, Ste. 216
Edina, MN 55416
T: 952-920-3959
dmezera@bartzlaw.com

**Counsel for Plaintiff, Alexander Stross**